IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 6, 2004

## STATE OF TENNESSEE V. BARRY RAY LONG

**Direct Appeal from the Criminal Court for Weakley County**
**No. CR20-2003    William B. Acree, Jr., Judge**

_____

**No. W2003-01198-CCA-R3-CD  - Filed June 16, 2004**

_____

The Weakley County Grand Jury indicted the defendant for manufacturing not less than .5 ounce or more than 10 pounds of marijuana. The Weakley County Sheriff's Department found the marijuana pursuant to a search of the defendant's home based on a search warrant. The sheriff's department received the search warrant based on information garnered in a non-consensual warrantless search of a portable shed behind the defendant's home. Due to previous drug-related charges which were later dismissed, the portable shed had been the subject of forfeiture proceedings in 2000. The defendant made no efforts to contest the forfeiture, but the sheriff's department also made no efforts to remove the portable shed. The defendant filed a motion to suppress the evidence found as a result of the search of the portable shed. After a hearing, the trial court denied the motion. The defendant then entered a plea of guilty and purported to reserve this certified question for appeal: Whether or not the search of the storage shed predicated on a search warrant was preceded and based upon a prior warrantless search. Because of the ambiguity of the certified question as presented, we dismiss the appeal.


**Tenn. R. App. P. 3 Appeal as of Right; The Appeal is Dismissed**


JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, and THOMAS T. WOODALL, JJ., joined.


Mike Mosier, Jackson, Tennessee, for the appellant, Barry Ray Long.


Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; Thomas A. Thomas, District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual Background

On January 6, 2003, the Weakley County Grand Jury indicted the defendant for manufacturing not less than .5 ounce or more than 10 pounds of marijuana. The defendant filed a motion to suppress the marijuana obtained from his home. On March 20, 2003, the trial court held a hearing and subsequently denied the motion to suppress by written order. The trial court's findings were as follows:

> The facts are undisputed. In the year 2000, law enforcement officers found that the defendant was growing marijuana in a portable building which he owned and which was located on his land. An order of forfeiture was entered on September 22, 2000, ordering that the building be forfeited to Weakley County, Tennessee. Although the 2000 case against the defendant was dismissed because of an improper search, the defendant did not contest the forfeiture warrant. Following the order of forfeiture, crime scene tape was put around the building. The building was not locked or secured.

> The sheriff's department made no effort to sell or otherwise dispose of the building, but left it upon the defendant's property.

> In October 2002, the sheriff's department received a tip that the defendant was growing marijuana in the portable building. After conferring with the District Attorney General, the sheriff concluded that he did not have probable cause to obtain a search warrant, but he also concluded that one was not necessary.

> On or about October 15, 2002, deputies went to the defendant's house and told the defendant they were there to inspect the portable building. The building was located behind the defendant's house. The defendant asked if they had a search warrant and was told that a search warrant was not necessary. During the search, the deputies found a substantial amount of marijuana and drug paraphernalia.

The defendant argues that the State should have moved the portable building from the defendant's land within a reasonable period of time which the State did not do. Accordingly, the State did not have the right to search the building. The State essentially argues that it was the county's building and that the officers had the right to enter it if they chose to do so.

The ownership of the building by Weakley County is not at issue. The Court finds no authority for requiring the State to dispose of the building within any specific time period. Therefore, the Court finds the State had the right to enter the building, and the defendant has no standing to contest their entry. The motion to suppress is denied.

On April 24, 2003, the defendant pled guilty, and the trial court sentenced him to two years in community corrections. The defendant's guilty plea was entered pursuant to Rule 37(b) of the Tennessee Rules of Criminal Procedure reserving a certified question. The certified question purportedly reserved is: Whether or not the search of the storage shed predicated on a search warrant was preceded and based upon a prior warrantless search. The defendant filed his notice to appeal on May 14, 2003.

## Analysis

This Court is unable to discern the meaning of the certified question. The certified question refers to "the search of the storage shed predicated on a search warrant." However, in the trial court's findings and in the stipulation of facts it is clearly stated that there was no search warrant involved with the search of the portable shed. In fact, according to the briefs of both parties, the issue is the very fact that there was no search warrant and that the defendant did not give consent for the search of the portable shed. In addition, if we are meant to analyze the September 2000 search of the portable shed, we do not have an adequate record to address the legality of that search since that search does not form the basis of the conviction before us.

Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure sets out the requirements for an appeal based upon a certified question as the following:

(A) the judgment of the conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;

(B) <u>The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved</u>; (emphasis supplied)

(C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and'

(D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case . . . .

The purported certified question of law in this case does not "identify clearly the scope and limits of the legal issue".  Therefore, we can only conclude that the certified question does not meet the strict requirements of Rule 37(b)(2)(i) of Tennessee Rules of Criminal Procedure.  <u>See</u> <u>State v. Pendergrass</u>, 937 S.W.2d 834, 837 (Tenn. 1996); <u>State v. Preston</u>, 759 S.W.2d 647, 650 (Tenn. 1988) (holding requirements of Rule 37(b)(2)(I) or (iv) are mandatory and jurisdictional.)

**Conclusion**

In light of the foregoing this appeal is DISMISSED.

_____
JERRY L. SMITH, JUDGE