# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### April 11, 2006 Session

## STATE OF TENNESSEE v. FRANK RANDALL SNOWDEN

**Direct Appeal from the Circuit Court for Gibson County**
**No. 7775    Clayburn Peeples, Judge**

---

**No. W2005-01851-CCA-R3-CD  - Filed May 11, 2006**

---

The appellant, Frank Randall Snowden, pled guilty in the Gibson County Circuit Court to a violation of the residency restriction for convicted sex offenders, a Class A misdemeanor.  He received a sentence of eleven months and twenty-nine days, suspended.  As a condition of his plea, the appellant attempted to reserve a certified question of law as to "whether [Tennessee Code Annotated section] 40-39-111 is constitutional under state and/or federal law and as applied to this [appellant]."  Upon review of the record and the parties' briefs, we conclude that the appellant did not properly reserve his certified question, and, therefore, the appellant's appeal must be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Brent Horst, Nashville, Tennessee, for the appellant, Frank Randall Snowden.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Garry G. Brown, District Attorney General; and Stephanie J. Hale, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On January 25, 2005, the appellant was indicted for violating Tennessee Code Annotated section 40-39-111(a) (2003), which code section provides, "No sexual offender as defined in § 40-39-102(4), shall knowingly establish a residence or accept employment within one thousand feet (1,000') of the property on which any public school, private or parochial school, licensed day care center, or any other child care facility is located."  On July 28, 2005, the appellant pled guilty to the charge.  The plea agreement form indicated that the appellant wished to reserve a certified question of law, specifically "whether [Tennessee Code Annotated section] 40-39-111 is constitutional under

state and/or federal law and as applied to this defendant."[1]  A judgment of conviction was entered the same day, reflecting that a "SUPPLEMENTAL ORDER SHALL ENTER AS TO THE CERTIFIED QUESTION OF LAW AND IS INCORPORATED BY REFERENCE AS IF SET FORTH HEREIN VERBATIM."

On August 5, 2005, the appellant filed a notice of appeal of his judgment of conviction.  Five days later, on August 10, 2005, the trial court entered a supplemental order stating that the appellant "will enter a plea of guilty to the charge within the indictment, reserving the right to appeal a dispositive issue of law, that being the constitutionality of the law pursuant to the ex-post fact[o] clause of the Tennessee, and United States Constitution."[2]  The order provided that the issue was reserved with the consent of the court, the State, and the appellant and that all parties agreed the issue was dispositive of the case.

On appeal, the appellant complains that "[t]he trial court erred in denying the Appellant's motion to dismiss the indictment because T.C.A. § 40-39-111 is unconstitutional.  Appellant further submits that the current version of the statute, 40-39-211, is also unconstitutional and should be declared to be unconstitutional by this court."  The State argues that the appellant failed to properly reserve his certified question and that there is no merit to the appellant's complaints.

## II.  Analysis

Before we may examine the merits of the appellant's complaints, we must first determine whether the appellant has properly reserved his certified question, giving this court jurisdiction to entertain his appeal.  Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure provides that an appellant may appeal from any judgment of conviction occurring as a result of a guilty plea if the following requirements are met:

> (A)  The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;
>
> (B)  The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (C)  The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and

_____

[1]  The transcript of the plea hearing was not included in the record for our review.

[2]  An identical order was filed by the trial court on August 17, 2005.

-2-

(D)  The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case.

Alternately, a defendant may "reserve[] with the consent of the court the right to appeal a certified question of law that is dispositive of the case, and the requirements of subsection (i) are met, except the judgment or document need not reflect the state's consent to the appeal or the state's opinion that the question is dispositive."  Tenn. R. Crim. P. 37(b)(2)(iv).

In State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988), our supreme court explicitly provided prerequisites to appellate consideration of a certified question of law under Rule 37(b)(2).  The court stated:

> *Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise*, the final order or judgment from which the time begins to run to pursue at T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved.

Id. (emphasis added).

In State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003), our supreme court again considered the Preston/Rule 37 requirements and concluded that substantial compliance with the dictates of Preston was not sufficient to properly certify a question of law.  However, Armstrong provided that a trial court could take corrective action prior to the judgment becoming final in order to comply with Preston.  Armstrong, 126 S.W.3d at 912.

Upon our review of the record, we agree with the State that the dictates of Preston were not strictly met.  The judgment of conviction entered on July 28, 2005, failed to, by itself, properly reserve a certified question of law.  Moreover, the judgment of conviction failed to incorporate by reference the plea agreement which set out the appellant's certified question.  The judgment of conviction instead incorporated by reference a subsequent order which was to set forth the parameters of the appellant's certified question.  The appellant filed his notice of appeal, and five days later, the trial court filed a supplemental order which purported to contain the appellant's certified question.  Once the notice of appeal was filed, the jurisdiction of this court attached, and, correlatively, the trial court lost jurisdiction.  Therefore, the attempt to cure the defect in the judgment with a supplemental order was a nullity.  See Armstrong, 126 S.W.2d at 912; State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998); State v. Pendergrass, 937 S.W.2d 834, 837-38 (Tenn. 1996); State v. Danny Harold Ogle, No. E2000-00421-CCA-R3-CD, 2001 WL 38755, at *4 (Tenn. Crim. App. at Knoxville, Jan. 17, 2001).  The appellant bears the burden of ensuring that the Preston/Rule 37 requirements are met.  Preston, 759 S.W.2d at 650.  Based upon the record before

us, we must conclude that the appellant failed to properly certify his question of law for appellate examination.

Furthermore, we note that even if the supplemental order had been filed in a timely fashion, it would not have served to satisfy the dictates of Preston or Rule 37. Preston requires that a final order "must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law *must be stated so as to clearly identify the scope and the limits of the legal issue reserved.*" 759 S.W.2d at 650 (emphasis added). This mandate is echoed in Rule 37(b)(2)(i)(B) of the Tennessee Rules of Criminal Procedure. In the instant case, the judgment of conviction did not state the certified question. As we noted earlier, the supplemental order, which was referenced by the judgment of conviction, stated that the appellant "reserv[ed] the right to appeal a dispositive issue of law, that being the constitutionality of the law pursuant to the ex-post fact[o] clause of the Tennessee, and United States Constitution." This wording does not clearly identify the scope or limits of the issue reserved and thus does not serve to properly reserve the appellant's certified question. See State v. Long, 159 S.W.3d 885, 887 (Tenn. Crim. App. 2004).

### III. Conclusion

Based upon the foregoing, we dismiss the appellant's appeal.

_____
NORMA McGEE OGLE, JUDGE

-4-