# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 11, 2007

## STATE OF TENNESSEE v. FAITH WHITLEY

**Direct Appeal from the Circuit Court for McNairy County**
**No. 2052     Weber McCraw, Judge**

---

### No. W2006-02595-CCA-R3-CD  - Filed February 19, 2008

---

Faith Whitley, the defendant, was indicted for possession with intent to deliver over one-half ounce of marijuana, a Class E felony.  After a motion to suppress was heard and denied, the defendant entered a guilty plea with an agreed sentence of one year on probation and a fine of $2000.  The judgment purported to reserve certified questions of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2).  After review, we conclude that the defendant has failed to comply with the strict requirements of Tennessee Rule of Criminal Procedure 37(b)(2).  The appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

James N. Adams, Jr., Corinth, Mississippi, for the appellant, Faith Whitley.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Cameron Williams, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case originated with a traffic stop of the defendant for her failure to wear a seat belt. The arresting officer alleged that he obtained consent to search the defendant's vehicle and her person.  More than one-half ounce of marijuana was found in the defendant's jacket pockets.  After the defendant's motion to suppress was denied, the defendant entered a guilty plea to the indicted charge with the judgment reflecting the reservation of certified questions of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2).  The State contends that the appeal is not properly before this court because the questions certified were not ruled upon by the trial judge, in violation of State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988).  The State also argues that the search was consensual and valid.

Our review indicates that the attempt to reserve the certified questions failed for reasons contained in this opinion. As a result, we are compelled to dismiss the appeal.

Suppression Hearing

Byron Maxedon, the arresting officer, was the only witness at the hearing of the defendant's motion to suppress. On the date of the arrest, December 16, 2005, Officer Maxedon was employed by the Selmer Police Department and was assigned to the West Tennessee Judicial Task Force. He stated that his primary focus was the investigation of illegal drug traffic and that he did not ordinarily deal with traffic offenses. Officer Maxedon met the defendant on a rural road after observing her pull out from a driveway on private property. The defendant was alone in her vehicle, and no other individual or vehicle was noted in the area. The officer stated that he knew the area had been used for drug transactions in the past. After observing that the defendant was not wearing a seat belt, the officer reversed his course, approached the defendant's vehicle from the rear, and activated his blue lights.

Officer Maxedon went to the defendant's vehicle and, after informing her of the reason for the stop, asked her for identification. The defendant produced a driver's license which the officer then checked through his communications for the validity of the license. After confirming that the license was valid and that there were no outstanding warrants against the defendant, the officer returned to the defendant in her vehicle. He asked the defendant if the vehicle contained "any illegal drugs, narcotics, hand grenades, bombs, guns, anything in the vehicle that shouldn't be in the vehicle." On cross-examination, the officer said his question to the defendant included whether there were "drugs, guns, knives, needles." The defendant made it known to Officer Maxedon that she did not want the vehicle searched. The officer then proceeded to tell the defendant it would only take a few minutes and, if nothing was found, she would be free to go. The defendant then appeared to the officer to give her consent. He asked the defendant to step out of the car. The officer stated he had not detected any odor of drugs and the defendant did not appear to be under the influence of an intoxicant. He said he had known the defendant a "long time" and did not fear her but, out of precaution, decided to pat her for weapons. He asked if she minded if he looked to see if she had anything on her. The defendant extended her arms and made a nodding motion with her head. The officer felt a hard, round, ball-like object in her jacket pocket which he thought might be a weapon. Upon closer inspection, he saw it was a compressed leafy substance that proved to be marijuana. Another bag was discovered in the opposite pocket. The defendant was then arrested and handcuffed. The officer's subsequent search of the vehicle revealed no contraband. The officer stated that he seized the vehicle and approximately $800 from the defendant's purse.

The Affidavit of Complaint, as filed by Officer Maxedon in General Sessions Court, is included in the record and purports to state "the essential facts constituting the offense(s)" as follows:

> On the date above, [December 16, 2005] I stopped the above subject on Connie Smith Road because I observed her on private property with clearly marked "No Trespassing Signs." I had previous knowledge that the owner did not want anyone

on the property. I stopped Ms. Whitley and gained consent to search. During the pat down, I located approximately 2 ounces of marijuana in Ms. Whitley's jacket, $750 in cash was also found in her purse inside the vehicle. She was arrested and transported to the McNairy County Jail.

The affidavit was duly sworn to by Officer Maxedon before a clerk/judicial commissioner on January 4, 2006.

The trial judge denied the motion to suppress and issued findings from the bench. He ruled that the violation of the seatbelt law provided a valid reason for the traffic stop, which he stated was not pretextual. The trial judge further ruled that valid consent was granted to search the vehicle and, later, the defendant's person. In addition, the limited search of the defendant's person was valid due to the officer's reasonable suspicion and for his personal safety. The trial judge later issued a more detailed written Order Denying Suppression of Evidence. The Order's findings of fact and conclusions of law essentially reiterated the bench denial but referred to the stop as "somewhat pretextual."

Analysis

The reservation of a certified question of law for appellate review is governed by Tennessee Rule of Criminal Procedure 37(b)(2), which provides:

An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:
. . . .
(2) Upon a plea of guilty or nolo contendere if:
  (I)  The defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
    (A)    The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by the defendant for appellate review;
    (B)    The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
    (C)    The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and
    (D)    The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(i)(A)-(D).

Our supreme court in State v. Preston, 759 S.W.2d 647 (Tenn. 1988), stated its intention to "make explicit to the bench and bar" the prerequisites for appellate consideration on the merits of an appeal under Tennessee Rule of Criminal Procedure 37(b)(2). The requirements are that the final order or judgment appealed from contain a statement of the dispositive question of law reserved for review. The question must be stated so as to clearly identify the scope and limits of the legal issue and must have been passed upon by the trial judge. The order must also state that the certified question was reserved and that the State, trial judge, and defendant consented and that all were of the opinion that it was dispositive of the case. The defendant bears the burden of satisfying these prerequisites. Id. at 650.

It is permissible to comply with these requirements in a separate document if such document is clearly referred to or incorporated by reference into the judgment. State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998). However, substantial compliance with Preston is not sufficient to acquire appellate review of the certified question. State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003).

This court has consistently and repeatedly held that the Preston requirements are jurisdictional. See State v. Long, 159 S.W.3d 885, 887 (Tenn. Crim. App. 2004); State v. Boyd, 51 S.W.3d 206, 210 (Tenn. Crim. App. 2000); State v. Scott Eric McDonald, No. E2006-02568-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 950 (Tenn. Crim. App. at Knoxville, Dec. 20, 2007); State v. Christian Fernandez, No. E2006-01781-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 825 (Tenn. Crim. App. at Knoxville, Oct. 23, 2007); State v. Pamela A. Inghram, No. M2006-00818-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 555 (Tenn. Crim. App. at Nashville, July 11, 2007); State v. Christopher Christie, No. M2006-00612-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 44 (Tenn. Crim. App. at Nashville, Jan. 18, 2007); State v. Festus Babundo, No. E2005-02490-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 433 (Tenn. Crim. App. at Knoxville, May 25, 2006); State v. Kevin Bufford, No. M2004-00536-CCA-R3-CD, 2005 Tenn. Crim. App. LEXIS 644 (Tenn. Crim. App. at Nashville, June 24, 2005); State v. Alaric Crouch, No. 01C01-9906-CC-00216, 2000 Tenn. Crim. App. LEXIS 50 (Tenn. Crim. App. at Nashville, Jan. 18, 2000); State v. Stuart Jenkins, No. 01C01-9712-CR-00590, 1998 Tenn. Crim. App. LEXIS 1304 (Tenn. Crim. App. at Nashville, Dec. 21, 1998); State v. Charlotte Little, No. 03C01-9504-CR-00113, 1996 Tenn. Crim. App. LEXIS 44 (Tenn. Crim. App. at Knoxville, Jan. 30, 1996); State v. Charles R. Sanders, No. 01C01-9312-CC-00420, 1994 Tenn. Crim. App. LEXIS 449 (Tenn. Crim. App. at Nashville, July 21, 1994).

In the case at hand, the defendant failed to comply with the Preston requirements. The only reference on the judgment form to a certified question is in the following verbatim form: "Reserve cert question of law (1) did the stop become unreasonable and thereby unconstitutional when it lasted longer[1] to effectuate the reason for the stop (2) was the search consensual (3) was the officer search of Defendants person constitutional." The judgment bears only the signature of the trial judge.

---

[1] The words "than necessary" contained in the separate order are omitted on the judgment form. This omission deprives the issue of clarity.

-4-

A separate order recites the defendant's entry of a guilty plea pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i). The order, signed only by the trial judge, sets forth the sentence imposed and the following language:

> With the consent of the Court and the State the defendant's plea explicitly reserved the right to appeal a certified question of law that the Court, the State and the Defendant agree is dispositive of the case, to wit:

> 1. On July 25, 2006, the defendant filed a motion to suppress the marijuana recovered in the search raising issues which are incorporated by reference herein. On October 11, 2006, the court denied the motion, finding the search of the defendant to be valid. The issues certified are: (1) Did the stop become unreasonable and thereby unconstitutional when it lasted longer than necessary to effectuate the reason for the stop? (2) Was the search consensual? (3) Was the Officers' search of Defendant's person constitutional?

The final judgment of conviction does not refer to or incorporate any document. The judgment is that which is appealed and it is ineffectual in the application of Rule 37(b)(2) as amplified by the dictates of Preston. The recital of certified questions of law alone, without further referral or incorporation to a conforming document containing the requisite language, deprives this court of jurisdiction. We take no satisfaction in the dismissal of this or the many other failed Rule 37(b)(2) appeals. The growing trail of failed appeals of this type bears witness to a lack of understanding by the bar of the strict adherence required in pursuing a Rule 37(b)(2) review. However, we reiterate that Preston and Tennessee Rule of Criminal Procedure 37(b)(2) "have defined a bright-line rule from which this court may not depart." Christopher Christie, 2007 Tenn. Crim. App. LEXIS 44, at *11. It would be our preference to review the legitimate certified questions on the merits, but we cannot assume jurisdiction where it is denied due to failures in meeting the strict prerequisites.

### Conclusion

For the foregoing reasons, we conclude that the proposed certified questions were not properly reserved. Accordingly, we dismiss the appeal for lack of jurisdiction.

_____
JOHN EVERETT WILLIAMS, JUDGE