# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 13, 2009

## STATE OF TENNESSEE v. RICHARD F. STROUD

### Direct Appeal from the Circuit Court for Williamson County
### No. II-CR082832    Robert E. Lee Davies, Judge

_____

### No. M2008-01200-CCA-R3-CD - Filed April 21, 2009

_____

The Defendant, Richard F. Stroud, was indicted on one count of driving under the influence, first offense, a Class A misdemeanor.  After a motion to suppress was heard and denied, the Defendant entered a guilty plea.  In the negotiated plea agreement, the parties purported to reserve a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2). After review, we conclude that the Defendant has failed to comply with the strict requirements of Tennessee Rule of Criminal Procedure 37(b)(2).  The appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH , JJ., joined.

Mark M. Mizell, Franklin, Tennessee, for the Appellant, Richard F. Stroud.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Elizabeth B. Marney, Assistant Attorney General; Kim Helper, District Attorney General; Josh D. Marcum, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I.  Facts

This case arises from the stop of the Defendant's vehicle by a Franklin city police officer that resulted in the Defendant being charged with driving under the influence.  Prior to entering a guilty plea, the Defendant filed a motion to suppress evidence, which challenged the constitutionality of the traffic stop.  At the motion hearing, Officer Craig Wright testified that he was on duty on March 30, 2007, working from 9:00 p.m. until 7:00 a.m.  During his shift, he stopped a gold Buick driven by the Defendant.  He described the events leading to the stop, stating that as he drove his police cruiser he noticed the Defendant's Buick in front of him suddenly jerk to the right.  Officer Wright assumed that the Defendant was on his cell phone and

was not paying attention. Next, the officer noticed the Buick start moving toward the right turn lane and then suddenly jerk left. The Buick then started "leaning" to the left and then jerked right again. Officer Wright testified that he noticed that the Buick was headed toward a red light, but the driver did not appear to see that the light was red. The officer thought that the Buick was going to hit the car in front of it, but the driver "slammed the brakes"causing the front end of the car to "nose-dive[]," and the Buick narrowly avoided the collision. The officer said that, at that point, he became concerned about the Defendant's driving and activated his emergency equipment to pull him over.

On cross-examination, Officer Wright identified the narrative he prepared earlier describing this incident. He agreed his narrative included that he saw the Buick jerk several times and rapidly apply the brakes to avoid a collision but did not include that he saw the Buick cross over the dividing line. The officer agreed that the Defendant did not run off the road, run a stop sign, or speed. He agreed that nothing the Defendant did constituted a moving violation. Officer Wright further agreed that stopping quickly to avoid a collision was not illegal.

At the close of the suppression hearing, the trial court issued a written order. In the order, the trial court stated the following:

> In this case, Officer Wright observed the Defendant make abrupt corrections at least three times and nearly cause a collision at a red light. The Defendant was traveling down Highway 96, which is a flat, straight stretch of roadway. The lanes are not particularly narrow or winding, as was the case in *Binette*. The Defendant here never entered the turn lane, so there is no reason to speculate that he was contemplating making a turn at any time during Officer Wright's period of observation. This would eliminate the possibility of suppression based on the *Martin* case.
>
> Despite the fact that the Defendant's vehicle never left its lane of travel and no specific traffic laws were violated, reasonable suspicion to stop the Defendant still existed. When taking a totality of the circumstances vew of the facts and occurrences leading up to Officer Wright's pulling over of the Defendant, this Court must conclude that there did exist reasonable suspicion on which to base a traffic stop.

(Citing *State v. Binette*, 33 S.W.3d 215 (Tenn. 2000) and *State v. Carl Martin*, No. W2002-00066-CCA-R3-CD, 2003 WL 57311, at *2-3 (Tenn. Crim. App., at Jackson, Jan. 2, 2003), *no Tenn. R. App. P. 11 application filed*). Accordingly, the trial court denied the Defendant's motion to suppress the evidence. It is from this judgment that the Defendant now appeals.

## II. Analysis

The Defendant contends the police officer lacked reasonable suspicion to stop his vehicle, rendering the evidence gathered subsequent to that stop inadmissible. The State

responds that the Defendant did not properly reserve this question as a certified question of law because he failed to meet the mandatory requirements of a certified question of law.

Rule 37(b) of the Tennessee Rules of Criminal Procedure prescribes the requirements for a proper certified question of law as follows:

> **When an Appeal Lies**. The defendant or the state may appeal any order or judgment in a criminal proceeding when the law provides for such appeal. The defendant may appeal from any judgment of conviction:
>
> > (1) on a plea of not guilty; or
> >
> > (2) on a plea of guilty or nolo contendere, if:
> >
> > > (A) the defendant entered into a plea agreement under Rule 11(a)(3) but explicitly reserved – with the consent of the state and of the court – the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
> > >
> > > > (i) the judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;
> > > >
> > > > (ii) the question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
> > > >
> > > > (iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and
> > > >
> > > > (iv) the judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case . . . .

In *State v. Preston*, our Supreme Court stated its intention to "make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv)." 759 S.W.2d 647, 650 (Tenn. 1988). First, the final order or judgment appealed from must contain a statement of the dispositive question of law reserved for review. *Id.* The question must clearly identify the scope and limits of the legal issue and must have been passed upon by the trial judge. *Id.* Second, the order must also state that: (1) the certified question was reserved as part of the plea agreement; (2) the State and the trial judge consented to the reservation; and (3) both the State

and the trial judge agreed that the question dispositive of the case. *Id.* Third, the defendant bears the burden of satisfying the prerequisites. *Id.*

A defendant may comply with these requirements either by using the judgment or a separate document. *State v. Irwin*, 962 S.W.2d 477, 479 (Tenn. 1998). If a separate document is used, it must be clearly referred to or incorporated by reference into the judgment. *Id.* However, the Tennessee Supreme Court has warned that mere "substantial compliance" with *Preston* is not sufficient to acquire appellate review of the certified question. *State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003). Further, this court has consistently and repeatedly held that the *Preston* requirements are jurisdictional. *See State v. Faith Whitley*, No. W2006-02595-CCA-R3-CD, 2008 WL 450617, at *3 (Tenn. Crim. App., at Jackson, Feb. 19, 2008) (citing multiple cases for this proposition, including *State v. Long*, 159 S.W.3d 885, 887 (Tenn. Crim. App. 2004); *State v. Boyd*, 51 S.W.3d 206, 210 (Tenn. Crim. App. 2000)), *no Tenn. R. App. P. 11 application filed*.

The judgment of conviction in this case reflects no mention of the reserved certified question of law. The Defendant points to a handwritten note on the judgment form, which he contends was written by the State's attorney. The note states that the Defendant's sentence is effective "upon action of the ct. of app." The initials "MM" appear to be the Defendant's attorney's initials, and they appear below the handwritten note. Additionally, there is no mention of the negotiated plea agreement, even though the record includes a "Negotiated Plea Agreement" that purports to reserve a certified question of law. The question it "reserves" is "[w]hether the evidence should have been suppressed because the officer lacked reasonable suspicion when the stop was initiated, violating the defendant[']s federal and state constitutional rights."

Rule 37 clearly states that a requirement of our review of a certified question of law is that "[t]he judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by the defendant for appellate review." Tenn. R. Crim. P. 37(b)(2). In this case the judgment of conviction does not contain a statement of the certified question of law, and it does not refer to another document that contains a statement of the certified question law. *See Irwin*, 962 S.W.2d at 479. As such, we lack jurisdiction. We take no satisfaction in the dismissal of this or the many other failed Rule 37(b)(2) appeals. We, however, cannot assume jurisdiction where it is denied due to failures in meeting the strict prerequisites. *See Armstrong*, 126 S.W.3d at 912 and *Whitley*, 2008 WL 450617, at *3.

## B. Judgment Validity

In his reply brief, the Defendant contends that this Court should find the judgment of conviction is void and invalid and that we should therefore remand the case back to the trial court for entry of a valid judgment. He points to the fact that the minimum jail sentence at the time of the offense was twenty-four hours and that the Defendant be required to remove litter as part of his sentence. The judgment, the Defendant contends, "relegates" him to forty-eight hours in jail with no mention of the legal requirement as it was at the time of the offense. Therefore,

he asserts, the judgment contravenes a statute and is void. Further, the Defendant points to alleged clerical errors and omissions in the judgment.

From our review of the record, the judgment appears valid on its face. A judgment need not cite the possible sentencing ranges on its face, it need only include the defendant's plea, the verdict or findings, and the adjudication and sentence. Tenn. R. Crim. P. 32(e). The Defendant is not entitled to relief on this issue.

### C. Due Process Rights

The Defendant also contends that his due process rights were violated because the trial court failed to determine that there was a factual basis for the plea. The Defendant has not included the transcript of the guilty plea hearing in the record. It is the appellant's duty to prepare the record for appellate review. Tenn. R. App. P. 24(b). Without the transcript, we cannot review this issue.

### III. Conclusion

After a thorough review of the evidence and relevant authorities, we conclude that the proposed certified question was not properly reserved. Accordingly, we dismiss the Defendant's appeal.

_____
ROBERT W. WEDEMEYER