# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 26, 2011 Session

## STATE OF TENNESSEE v. BRYANT K. PRIDE

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S52681      R. Jerry Beck, Judge**

___

**No. E2010-02214-CCA-R3-CD - Filed September 23, 2011**

___

The Defendant, Bryant K. Pride, pled nolo contendere to one count of felony possession of 26 grams of cocaine for sale or delivery in a Drug-Free School Zone, one count of misdemeanor possession of marijuana, and one count of felony conspiracy to possess more than 26 grams of cocaine for sale or delivery in a Drug-Free School Zone. The Defendant attempted to reserve a certified question of law pursuant to Rule 37(b)(2)(1) of the Tennessee Rules of Criminal Procedure, challenging the trial court's denial of his motion to dismiss the indictments due to a violation of his constitutional right to a speedy trial. After review, we conclude that this Court does not have jurisdiction to address the certified question because it does not meet the requirements of *State v. Preston*, 759 S.W.2d 647 (Tenn. 1988). The appeal is, therefore, dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, J., joined. J.C. MCLIN, J., not participating.[1]

R. Buddy Baird, Rogersville, Tennessee (at trial), and Katherine L. Tranum, Kingsport, Tennessee (on appeal) for the Appellant, Bryant K. Pride

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Barry Staubus, District Attorney General, and Joseph E. Perrin, Assistant District Attorney General, for the Appellee, State of Tennessee.

___

[1]The Honorable J.C. McLin died September 3, 2011, and did not participate in this opinion. We acknowledge his faithful service to this Court.

## OPINION

## I. Procedural History

On November 15, 2006, a Sullivan County grand jury indicted the Defendant for possession of 26 grams of cocaine for sale or delivery in a Drug-Free School Zone, possession of marijuana, and conspiracy to possess more than 26 grams of cocaine for sale or delivery in a Drug-Free School Zone. On February 9, 2010, the Defendant, while in federal custody, filed a motion to dismiss the indictments, alleging a violation of his constitutional right to a speedy trial. On February 18, 2010, the trial court held a hearing on the motion and denied it. On July 26, 2010, the Defendant entered a plea of nolo contendere to all charges and attempted to reserve a certified question of law concerning his right to a speedy trial. At the hearing, the trial court accepted the plea and sentenced the Defendant to an effective eight-year sentence to be served at 30% and to run consecutively to his federal convictions.

Nearly four years passed between the Defendant's indictments and the filing of his motion to dismiss in the current case because federal authorities arrested and detained him shortly after his grand jury indictments. On October 5, 2007, after a conviction in federal court, the United States District Court for Western Virginia sentenced the Defendant to life imprisonment. Regarding the case under submission, on January 7, 2008, the Defendant filed two *pro se* motions for a fast and speedy trial. Although the Defendant retained, and was represented by, attorney Renfro Buddy Baird of Rogersville, Tennessee, the Defendant testified that he was unable to contact Mr. Baird about the motions for a speedy trial. After filing the motions, the Defendant incurred additional federal charges, received convictions, and the federal court sentenced him to thirty years in prison, ordering the sentence to be served concurrently with his federal life sentence. On October 26, 2009, after the conclusion of the Defendant's second federal case, authorities returned him to the Sullivan County Jail. At that time, the Defendant discussed the motions for a speedy trial with Mr. Baird. On December 11, 2009, the Defendant appeared in court and expressed his desire for a speedy trial. On January 21, 2009, the Defendant and Mr. Baird appeared before the court, and Mr. Baird received permission to withdraw from the case. The court appointed attorney Katherine L. Tranum to represent the Defendant. Ms. Tranum represented the Defendant at the February 18, 2010, hearing on the Defendant's motion to dismiss, his motion to enter a plea of nolo contendere, and is also the attorney of record in this appeal.

## II. Analysis

The Defendant presents a certified question of law on appeal in which he argues that he was denied his right to a speedy trial. The State argues that the Defendant has failed to

properly reserve his certified question of law for appeal; therefore, this Court lacks jurisdiction to consider the appeal and the appeal should be dismissed.

## A. Certified Question of Law

Because this appeal comes before us as a certified question of law, pursuant to Rule 37(b) of the Tennessee Rules of Criminal Procedure, we must first determine whether the question presented is dispositive. An appeal lies from any judgement of conviction upon a plea of guilty if the defendant entered into a plea agreement under Rule 11(a)(3) but explicitly reserved, with the consent of the State and the court, the right to appeal a certified question of law that is dispositive of the case. Tenn. R. Crim. P. 37(b)(2); *see State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). Further, the following are prerequisites for an appellate court's consideration of the merits of a question of law certified pursuant to Rule 37(b)(2):

> (I) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law reserved by the defendant for appellate review;
>
> (ii) The question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (iii) The judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial judge; and
>
> (iv) The judgment or document reflects that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case . . . .

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv).

In *State v. Preston*, our Supreme Court stated its intention to "make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv)." 759 S.W.2d at 650. First, the final order or judgment appealed from must contain a statement of the dispositive question of law reserved for review. *Id.* The question must clearly identify the scope and limits of the legal issue and must have been passed upon by the trial judge. *Id.* Second, the order must also state that: (1) the certified question was reserved as part of the plea agreement; (2) the State and the trial judge consented to the reservation; and (3) both the State and the trial judge agreed that the question dispositive of

3

the case. *Id.* Third, the defendant bears the burden of satisfying the prerequisites. *Id.*

A defendant may comply with these requirements either by using the judgment or a separate document. *State v. Irwin*, 962 S.W.2d 477, 479 (Tenn. 1998). If a separate document is used, it must be clearly referred to or incorporated by reference into the judgment. *Id.* However, the Tennessee Supreme Court has warned that mere "substantial compliance" with *Preston* is not sufficient to acquire appellate review of the certified question. *State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003). In *Armstrong*, our Supreme Court reiterated that strict compliance with *Preston* is required:

> [O]ur prior decisions demonstrate that we have never applied a substantial compliance standard to the *Preston* requirements as urged by the defendant in this case. To the contrary, we have described the requirements in Preston for appealing a certified question of law under Rule 37 of the Tennessee Rules of Criminal Procedure as "explicit and unambiguous." Moreover, we agree with the State that a substantial compliance standard would be very difficult to apply in a consistent and uniform manner, and therefore would conflict with the very purpose of *Preston*. We therefore reject the defendant's argument that substantial compliance with the requirements set forth in *Preston* is all that is necessary in order to appeal a certified question of law.

*Armstrong*, 121 S.W.3d at 912 (citations omitted).

Further, this Court has consistently and repeatedly held that the *Preston* requirements are jurisdictional. *See State v. Faith Whitley*, No. W2006-02595-CCA-R3-CD, 2008 WL 450617, at *3 (Tenn. Crim. App., at Jackson, Feb. 19, 2008) (citing multiple cases, including *State v. Long*, 159 S.W.3d 885, 887 (Tenn. Crim. App. 2004) and *State v. Boyd*, 51 S.W.3d 206, 210 (Tenn. Crim. App. 2000)), *no Tenn. R. App. P. 11 application filed*.

The question reserved is "[w]hether the trial court erred in denying the Defendant's Motion to Dismiss Indictments pursuant to Tenn. R. Crim. P. 48(b)(2) due to the unnecessary delay in bringing the Defendant to trial." We must conclude that this question is overly broad and violates the mandates announced in *Preston*.

The certified question is not clearly stated as to identify the scope and limits of the legal issue reserved. The Defendant bears the burden of "reserving, articulating, and identifying the issue." *State v. Pendergrass*, 937 S.W.2d 834, 838 (Tenn. 1996). The question as posed is not specific and does not offer reasoning to identify the scope and limits of the alleged speedy trial violation. As such, we lack jurisdiction to review the merits of the

4

Defendant's claim because he failed to properly reserve his certified question of law. We take no satisfaction in the dismissal of this or the many other failed Rule 37(b)(2) appeals. We, however, cannot assume jurisdiction where it is denied due to failures in meeting the strict prerequisites. *See Armstrong*, 126 S.W.3d at 912; *Whitley*, 2008 WL 450617, at *3.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the Defendant failed to properly frame his certified question of law. As such, this Court has no jurisdiction to entertain the appeal, and the appeal is dismissed.

_____
ROBERT W. WEDEMEYER, JUDGE