IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 12, 2011

## STATE OF TENNESSEE v. KENNETH D. HUBANKS

**Direct Appeal from the Circuit Court for Hardin County**
**No. 8561      C. Creed McGinley, Judge**

---

**No. W2007-00906-CCA-R3-CD  - Filed October 6, 2011**

---

A Hardin County grand jury indicted the Defendant, Kenneth D. Hubanks, for possession with intent to sell more than .5 grams of cocaine, possession with intent to sell more than one-half ounce of marijuana, and unlawful possession of drug paraphernalia.  The Defendant filed a motion to suppress the evidence, obtained by execution of a search warrant upon his residence, which the trial court denied.  The Defendant entered a plea of nolo contendre to all of the charges but reserved a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2) as to whether the search warrant established probable cause to search his residence.  After review, we conclude that the Defendant has failed to comply with the strict requirements of Tennessee Rule of Criminal Procedure 37(b)(2).  Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Lance R. Chism, Memphis, Tennessee (on appeal) and Daniel J. Mickiewicz, Memphis, Tennessee (on appeal and at plea hearing), for the Appellant, Kenneth D. Hubanks.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Hansel McCadams, District Attorney General; Eddie N. McDaniel, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Facts

1

## Background

This case arises from the execution of a search warrant at the Defendant's residence that resulted in the seizure of cocaine, marijuana, and drug paraphernalia. A Hardin County grand jury indicted the Defendant for possession with intent to sell more than .5 grams of cocaine, possession with intent to sell more than one-half ounce of marijuana, and unlawful possession of drug paraphernalia. The Defendant moved to suppress the evidence seized during the search of his residence, challenging the probable cause basis for the search warrant. Specifically, the Defendant argued that the reliability and credibility of the confidential informant was not established in the affidavit. The trial court held a hearing on the motion to suppress.

At the suppression hearing, Joe Lambert, a Hardin County Sheriff's Department deputy, testified that he obtained a search warrant for the Defendant's residence from General Sessions Court Judge Danny Smith. The affidavit in support of the search warrant stated the following:

> Within the past three days a controlled purchase of marijuana was made from Kenneth Hubanks at 259 Rockpile Ln. in Hardin County, TN. A confidential source was searched, fitted with a monitoring device, and given money which can be identified if found. The source was accompanied to the address with an agent from the 24th DTF. The agent observed the source enter the house trailer and a few minutes later a male white, identified by the agent as Kenneth Hubanks, came outside and went inside a gray utility building and then came out carrying a white bag and entered the residence again. The affiant listened as the source and Kenneth Hubanks discussed the sale of marijuana. This was consistent to what the agent outside was observing. The source returned to the agent and turned over a bag of green leafy substance that field tested positive for marijuana. The agent and the source met back with the affiant at a secure location where the source was searched again and the evidence turned over to the affiant by the agent. The source stated that they saw more of the substance in the residence.

Following the testimony, the trial court overruled the Defendant's motion, finding that the search warrant was not based on information from the confidential informant but on "actually what the officer monitored, listened, saw, and it's based [] directly upon this officer's knowledge under a controlled buy situation which provided probable cause for the issuance of the warrant." The Defendant offered a plea of guilty to the charges and attempted to reserve a certified question of law about the propriety of the seizure. The trial court entered the plea and sentenced the Defendant in accordance with the plea agreement

2

to the agreed eight years for felony cocaine possession, one year for felony marijuana possession, and eleven months and twenty-nine days for the misdemeanor paraphernalia possession conviction. The Defendant's eight-year sentence was to be suspended after service of 120 days in the county jail and one year to be served on Community Corrections. The Defendant's other sentences were suspended.

## II. Analysis
## Certified Question of Law

Because this appeal comes before us as a certified question of law, pursuant to Rule 37(b) of the Tennessee Rules of Criminal Procedure, we must first determine whether the question presented is dispositive. An appeal lies from any judgement of conviction upon a plea of guilty if the defendant entered into a plea agreement under Rule 11(a)(3) but explicitly reserved, with the consent of the State and the court or of the court alone, the right to appeal a certified question of law that is dispositive of the case. Tenn. R. Crim. P. 37(b)(2)(A),(D); *see State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). Further, the following are prerequisites for an appellate court's consideration of the merits of a question of law certified pursuant to Rule 37(b)(2):

> (i) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law reserved by the defendant for appellate review;

> (ii) The question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

> (iii) The judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial judge; and

> (iv) The judgment or document reflects that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case . . . .

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv).

In *State v. Preston*, our Supreme Court stated its intention to "make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv)." 759 S.W.2d 647, 650 (Tenn. 1988). First, the final order or judgment appealed from must contain a statement of the dispositive question of law reserved for

review. *Id.* The question must clearly identify the scope and limits of the legal issue and must have been passed upon by the trial judge. *Id.* Second, the order must also state that: (1) the certified question was reserved as part of the plea agreement; (2) the State and the trial judge consented to the reservation; and (3) both the State and the trial judge agreed that the question is dispositive of the case. *Id.* Third, the defendant bears the burden of satisfying the prerequisites. *Id.*

A defendant may comply with these requirements either by using the judgment or a separate document. *State v. Irwin*, 962 S.W.2d 477, 479 (Tenn. 1998). If a separate document is used, it must be clearly referred to or incorporated by reference into the judgment. *Id.* However, the Tennessee Supreme Court has warned that mere "substantial compliance" with Preston is not sufficient to acquire appellate review of the certified question. *State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003). Further, this court has consistently and repeatedly held that the *Preston* requirements are jurisdictional. *See State v. Faith Whitley*, No. W2006-02595-CCA-R3-CD, 2008 WL 450617, at *3 (Tenn. Crim. App., at Jackson, Feb. 19, 2008) (citing multiple cases for this proposition, including *State v. Long*, 159 S.W.3d 885, 887 (Tenn. Crim. App. June 16, 2004); *State v. Boyd*, 51 S.W.3d 206, 210 (Tenn. Crim. App. Aug. 31, 2000)), *no Tenn. R. App. P. 11 application filed*.

The judgment of conviction in this case reflects no mention of the reserved certified question of law. Additionally, there is no mention of the negotiated plea agreement, even though the record includes a plea agreement that purports to reserve a certified question of law. The question it "reserves" is "whether the facts contained in the affidavit of the search warrant issued December 30, 2005 in this case, supported probable cause for the issuing of the warrant."

Rule 37 clearly states that a requirement of our review of a certified question of law is that "[t]he judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by the defendant for appellate review." Tenn. R. Crim. P. 37(b)(2). In this case the judgment of conviction does not contain a statement of the certified question of law, and it does not refer to another document that contains a statement of the certified question law. *See Irwin*, 962 S.W.2d at 479. As such, we lack jurisdiction. We take no satisfaction in the dismissal of this or the many other failed Rule 37(b)(2) appeals. We, however, cannot assume jurisdiction when it is denied due to failures in meeting the strict prerequisites. *See Armstrong*, 126 S.W.3d at 912 and *Whitley*, 2008 WL 450617, at *3.

### III. Conclusion

After a thorough review of the evidence and relevant authorities, we conclude that the proposed certified question was not properly reserved. Accordingly, we dismiss the Defendant's appeal.

_____
ROBERT W. WEDEMEYER, JUDGE