# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 13, 2013 Session

## STATE OF TENNESSEE v. ROBERT GLENN HASAFLOOK

**Direct Appeal from the Circuit Court for Dickson County**
**No. 22CC-2012-CR-117      George C. Sexton, Judge**

———————————————

**No. M2012-02360-CCA-R3-CD - Filed September 12, 2013**

———————————————

The Defendant, Robert Glenn Hasaflook, was indicted for one count of promotion of the manufacture of methamphetamine, and filed a pretrial motion to suppress all his statements made to the police. The trial court denied the Defendant's motion, and the Defendant pleaded guilty to the indicted offense reserving a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2) about whether the stop of the Defendant's vehicle by law enforcement was lawful. After review, we conclude that the Defendant has failed to comply with the strict requirements of Tennessee Rule of Criminal Procedure 37(b)(2). Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JERRY L. SMITH, and JAMES CURWOOD WITT, JR., JJ., joined.

Michael Richard Meise, Ashland City, Tennessee, for the Appellant, Robert Glenn Hasaflook.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Dan M. Alsobrooks, District Attorney General; Kelly Jackson-Smith, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I. Facts and Background

This case arises from the stop of the Defendant's vehicle on January 26, 2012, and the subsequent questioning of the Defendant by the 23rd Judicial District Drug Task Force. Before trial, the Defendant filed a motion to suppress the statements that he made to police, contending that the State could not show by a preponderance of the evidence that the Defendant had signed a waiver acknowledging that he understood his rights. At the hearing on the motion, the following evidence was presented: Agent Michael Pate testified he received a call from a pharmacist, who reported that the Defendant had been seen in the pharmacy instructing another man about how to purchase Sudafed. Based on that phone call, Agent Pate stopped the Defendant's vehicle, and, after some initial questioning, Agent Pate told the Defendant he was not free to leave and directed him to drive his vehicle to the task force office. Once inside the office, Agent Pate advised the Defendant of his *Miranda* rights and proceeded to question him about the Sudafed purchase, and the Defendant gave a verbal statement.

Agent Pate testified to the following relative to the stop of the Defendant's vehicle:

We were out in town and the pharmacist over at Rite Aid called and she just – we had been there and – before this and gave her our card and told her that if she saw some people, you know, buying [S]udafed and seemed suspicious just give us a call. So on that particular evening she just called and says, hey, there's some folks in here and one guy is showing the other guy what [S]udafed to buy and showing him where it's at and the guy doesn't really seem like he's all there that's actually buying the [S]udafed and I just wanted to call and let you guys know.
. . . .
When I got [to the pharmacy] it was raining so I jumped out and went toward the front door and I looked over and seen [sic] a white Camaro or Trans Am and I seen [sic] three people getting inside of it and I ran back to the back of the pharmacy and I said, hey, was that them that just left, and she said yes, they were in that white Camaro. So I came running back out and I just hollered across the parking lot to the other guy and said, hey, go stop that car that's leaving there. So they went out and stopped it and I just started – what I ended up doing was walking about a mile up the road or half a mile up the road to the traffic stop afterwards.

On cross-examination, the Defendant questioned Agent Pate about the stop:

Q: And where were you when you received the call [from the pharmacist]?

A: I was eating at Camino.

2

Q: And did [the pharmacist] specifically identify the suspects on the phone?

A: She said there was three of them.

Q: Did she identify – did she describe them?

A: I believe she said they was [sic] white but I don't – think males, females. I'm not really – when I went in the store, I said was that them that just left, she said yes, they were parked out front, and then I went back out. They were the only – they were the only people in the store. There was nobody else there. There was two people in the pharmacy, a clerk, the three people that had just left, and me, that was the only people there. There were no other cars to confuse it with.

Agent Pate testified that, based on prior interactions with the Defendant related to his prior purchases of Sudafed, Agent Pate recognized the Defendant's vehicle.

On re-direct, Agent Pate testified that he advised the Defendant of his *Miranda* rights and that the Defendant indicated that he understood his rights. Agent Pate testified that the Defendant did not withdraw his consent to speak or ask to leave at any point during the questioning.

Following the testimony, the trial court denied the Defendant's motion, finding that, based on the testimony and the record, "the 'stop' and seizure of the Defendant was lawful and proper and that the Defendant received his *Miranda* warnings, indicated that he understood and never revoked his consent to speak with law enforcement[.]"

Thereafter, the Defendant offered a plea of guilty to the indicted charge and attempted to reserve a certified question of law about the propriety of the stop. The trial court entered the plea and sentenced the Defendant in accordance with the plea agreement to a two-year probation sentence for promotion of the manufacture of methamphetamine.

In an addendum to the judgment against him, pursuant to Tennessee Rule of Criminal Procedure 37(b)(2), the Defendant attempted to reserve the following certified question of law: "Was the stop directed by the 23rd Judicial District Drug Task Force of the vehicle driven by the Defendant lawful?" Both parties agree that the certified question of law was dispositive of the case.

## II. Analysis

## A. Certified Question of Law

Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure provides that a defendant may appeal from any judgment or conviction occurring as the result of a guilty plea. *State v. Long* 159 S.W.3d 885, 887 (Tenn. Crim. App. 2004). The following are prerequisites for an appellate court's consideration of the merits of a question of law certified pursuant to Rule 37(b)(2):

> (i) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law reserved by the defendant for appellate review;
>
> (ii) The question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (iii) The judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial judge; and
>
> (iv) The judgment or document reflects that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case . . . .

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv).

In *State v. Preston*, our Supreme Court stated its intention to "make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv)." 759 S.W.2d 647, 650 (Tenn. 1988). First, the final order or judgment appealed from must contain a statement of the dispositive question of law reserved for review. *Id.* The question must clearly identify the scope and limits of the legal issue and must have been passed upon by the trial judge. *Id.* Second, the order must also state that: (1) the certified question was reserved as part of the plea agreement; (2) the State and the trial judge consented to the reservation; and (3) both the State and the trial judge agreed that the question is dispositive of the case. *Id.* Third, the defendant bears the burden of "reserving, articulating, and identifying the issue" reserved. *State v. Woodlee*, No. M2008-01100-CCA-R3-CD, 2010 WL 27883, at *2 (Tenn. Crim. App., at Nashville, Jan. 6, 2010), *perm. app. denied* (Tenn. May 20, 2010) (citing *Preston*, 937 S.W.2d at 838). Failure to properly reserve a certified question of law pursuant to the requirements stated in *Preston* will result in the dismissal of the appeal. *Woodlee*, 2010 WL 27883, at *2 (citing *State v. Pengergrass*, 937 S.W.2d 848, 838 (Tenn. 1996)). The importance of complying with the

*Preston* requirements has been reiterated by our Supreme Court in *State v. Armstrong*, 126 S.W.3d 908, 913 (Tenn. 2003), which stated that the *Preston* requirements are "explicit and unambiguous," in rejecting the defendant's argument in favor of substantial compliance with Tennessee Rules of Criminal Procedure 37.

The issue reserved by the Defendant in this case is "Was the stop directed by the 23rd Judicial District Drug Task Force of the vehicle driven by the Defendant lawful?" We begin by noting that to the extent that the Defendant attempts to suppress the confession, the question of the validity of the vehicle stop alone is not dispositive of the issue, since a subsequent search or a confession may be valid if it is attenuated by later circumstances which are deemed to purge the "taint" of the unlawful search or seizure. *State v. Kirkman*, No. E2006-01152-CCA-R3-CD, 2007 WL 2947503, at *8 (Tenn. Crim. App. 2007) (citing *State v. Burtis*, 664 S.W.2d 305, 308 (Tenn. Crim. App. 1983); *Brown v. Illinois*, 422 U.S. 590, 602 (1975); *Taylor v. Alabama*, 457 U.S. 687 (1982)).

Nevertheless, the Defendant's purported certified question does not clearly identify the "scope and limits of the legal issue." *State v. Long*, 159 S.W.3d 885, 887 (Tenn. Crim. App. 2004). Our Supreme Court has cautioned us regarding questions of law of this kind, stating that in "questions of law involv[ing] the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by the defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law. . . ." *Preston*, 759 S.W.2d at 650. Here, the Defendant's certified question of law neither states the reasons the Defendant is entitled to relief nor states what evidence the Defendant is seeking to suppress. Indeed, the question as posed does not even state the legal basis for suppression. This court has previously held that certified questions of law which fail to narrowly construe the issues and identify the trial court's holding do not provide an adequate basis for our review. *See State v. Treat*, No. E2010-02330-CCA-R3-CD, 2011 WL 5630804, at *5 (Tenn. Crim. App. 2011) (holding that a certified question that did not "articulate the reasons previously relied upon by the Defendant in support of his arguments [and did] not describe the trial court's holdings on the constitutional issues presented" was overly broad); *State v. Hawks*, No. W2008-02657-CCA-R3-CD, 2010 WL 597066, at *5 (Tenn. Crim. App. 2010) (holding that the certified question was overly broad because it did not specify what police action rendered the search and arrest unconstitutional, and did not adequately set forth the legal basis for the claim); *see also State v. Horton*, No. W2008-01170-CCA-R3-CD, 2009 WL 2486173, at *4 (Tenn. Crim. App. 2009) (holding that the certified question was framed too broadly such that the appeal court would have to conduct a complete overview of search and seizure law to answer it, which the court declined to do).

Thus, we conclude that the Defendant's certified question of law is overly broad and fails to clearly identify the issue preserved for appeal, as well as the scope and limits of the

issue. As such, we lack jurisdiction to address the merits of the Defendant's claim because his certified question of law was not properly reserved. *Pendergrass*, 937 S.W.2d at 837. We reiterate that we take no satisfaction in the dismissal of this or the many other failed Rule 37 appeals, however, we cannot assume jurisdiction when it is denied due to failures in meeting the strict prerequisites. *See Armstrong*, 126 S.W.3d at 912.

### III. Conclusion

After a thorough review of the evidence and relevant authorities, we conclude that the proposed certified question was not properly reserved. Accordingly, we dismiss the Defendant's appeal.

_____
ROBERT W. WEDEMEYER, JUDGE