# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 26, 2011 Session

## STATE OF TENNESSEE v. CASEY TREAT

### Direct Appeal from the Circuit Court for Sevier County
#### No. 14898-II    Richard R. Vance, Judge

---

### No. E2010-02330-CCA-R3-CD - Filed November 18, 2011

---

A Sevier County grand jury indicted the Defendant, Casey Treat, for driving under the influence and driving under the influence *per se*. The Defendant pled guilty but reserved a certified question of law, pursuant to Tennessee Rule of Criminal Procedure 37(b)(2), as to whether the absence of the video recording of his stop violated his constitutional rights. After review, we conclude that this Court does not have jurisdiction to address the certified question because it does not comply with the strict requirements of Tennessee Rule of Criminal Procedure 37(b)(2), as the certified question is (1) not dispositive of the case and (2) overly broad. Accordingly, the appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, J., joined. J.C. MCLIN, J., not participating.[1]

Ronald C. Newcomb, Knoxville, Tennessee for the Appellant, Casey Treat.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; James Dunn, District Attorney General, and Greg Eshbaugh, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I. Facts

---

[1]The Honorable J.C. McLin died September 3, 2011, and did not participate in this opinion. We acknowledge his faithful service to this Court.

This case arises from a traffic stop that resulted in the Defendant's arrest for driving under the influence ("DUI"). On January 11, 2010, a Sevier County grand jury indicted the Defendant for DUI and DUI *per se*. Subsequently, the State dismissed the count of DUI but pursued the charge of DUI *per se*. The record reflects that the police officer who conducted the Defendant's traffic stop was later involved in a vehicle accident, which totaled his police cruiser and destroyed the video camera and the video tape of the Defendant's traffic stop located inside the cruiser.

## A. Suppression Hearings

On February 5, 2010, the Defendant filed a motion to suppress and/or dismiss the evidence obtained at the traffic stop. Specifically, the Defendant argued that the destruction of the recording deprived him of a fundamentally fair trial because a copy of the video is not available to the Defendant. He contended that all evidence arising out of the occurrence should be suppressed, and the indictments against him should be dismissed for lack of evidence due to the loss of the video recording. The Defendant also argued that the loss of the recording violated the exculpatory evidence requirements of *Brady v. Maryland*, the confrontation clause under *Crawford v. Washington*, and the Best Evidence rule. On April 12, 2010, the trial court held a hearing on the motion. Neither the State nor the Defendant presented witnesses at the hearing. The trial court denied the motion.

The Defendant then filed a motion *in limine* to exclude any evidence of the blood alcohol content results based upon the destroyed video recording. In support of his motion, he cited the same authorities used in the motion to suppress and contended that he had no way to challenge the probable cause for the traffic stop. Before the Defendant entered his guilty plea, the trial court held a hearing on the Defendant's motion. Like the first motion to suppress, the parties presented no witnesses and made arguments based on the filed briefs. The trial court denied the motion finding that there was no willful destruction or concealment of the evidence on the video recording, and the loss of the video tape did not deprive the Defendant of a fair trial.

## B. Guilty Plea Hearing

The Defendant offered a plea of guilty to the charge of DUI *per se* and attempted to reserve a certified question of law, alleging the destruction of the police cruiser video recording violated his constitutional rights. At the hearing, the State offered the following evidence in support of the Defendant's guilty plea:

> [O]n the 23rd day of August [2009], . . . Officer Webb observed the vehicle
> being driven by [the Defendant] traveling in an excess of the speed limit as

2

well as weaving in and out of his lane of travel on Boyds Creek Highway in Sevier County. After a stop, Officer Webb detected a severe odor of alcohol about [the Defendant's] vehicle and person. Officer Webb asked him to perform field sobriety tests on which he performed poorly. He was requested to submit to a blood draw. That was agreed to, . . . and it yielded a result of .19 percent . . . .

The trial court accepted the plea and sentenced the Defendant in accordance with the plea agreement to the agreed eleven months and twenty-nine days in the county jail, all suspended except for five days.

## II. Analysis

On appeal, the Defendant attempts to present a certified question of law in which he argues that the destruction of the video recording violated his constitutional rights. The State argues that the loss of the videotape is not dispositive in this case and that the certified question is overly broad. After review, we conclude the Defendant has, in fact, failed to properly reserve his certified question of law for appeal; therefore, this Court lacks jurisdiction to consider the appeal and the appeal should be dismissed.

### A. Certified Question of Law

Because this appeal comes before us as a certified question of law, pursuant to Rule 37(b) of the Tennessee Rules of Criminal Procedure, we must first determine whether the question presented is dispositive. An appeal lies from any judgement of conviction upon a plea of guilty if the defendant entered into a plea agreement under Rule 11(a)(3) but explicitly reserved, with the consent of the State and the court, the right to appeal a certified question of law that is dispositive of the case. Tenn. R. Crim. P. 37(b)(2); *see State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). This Court is not bound, however, by that determination and agreement. Tenn. R. Crim. P. 37(b)(2)(A)(iv); *State v. Thompson*, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003). The reviewing court must make an independent determination that the certified question is dispositive. *Preston*, 759 S.W.2d at 651.

Further, the following are prerequisites for an appellate court's consideration of the merits of a question of law certified pursuant to Rule 37(b)(2):

(i) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law reserved by the defendant for appellate review;

(ii) The question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

(iii) The judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial judge; and

(iv) The judgment or document reflects that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case . . . .

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv).

In *State v. Preston*, our Supreme Court stated its intention to "make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv)." 759 S.W.2d at 650. First, the final order or judgment appealed from must contain a statement of the dispositive question of law reserved for review. *Id.* The question must clearly identify the scope and limits of the legal issue and must have been passed upon by the trial judge. *Id.* Second, the order must also state that: (1) the certified question was reserved as part of the plea agreement; (2) the State and the trial judge consented to the reservation; and (3) both the State and the trial judge agreed that the question dispositive of the case. *Id.* Third, the defendant bears the burden of satisfying the prerequisites. *Id.*

A defendant may comply with these requirements either by using the judgment or a separate document. *State v. Irwin*, 962 S.W.2d 477, 479 (Tenn. 1998). If a separate document is used, it must be clearly referred to or incorporated by reference into the judgment. *Id.* However, the Tennessee Supreme Court has warned that mere "substantial compliance" with *Preston* is not sufficient to acquire appellate review of the certified question. *State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003). In *Armstrong*, our Supreme Court reiterated that strict compliance with *Preston* is required:

> [O]ur prior decisions demonstrate that we have never applied a substantial compliance standard to the *Preston* requirements as urged by the defendant in this case. To the contrary, we have described the requirements in Preston for appealing a certified question of law under Rule 37 of the Tennessee Rules of Criminal Procedure as "explicit and unambiguous." Moreover, we agree with the State that a substantial compliance standard would be very difficult to apply in a consistent and uniform manner, and therefore would conflict with the very purpose of *Preston*. We therefore reject the defendant's argument that substantial compliance with the requirements set

4

forth in *Preston* is all that is necessary in order to appeal a certified question of law.

*Armstrong*, 121 S.W.3d at 912 (citations omitted).

Further, this Court has consistently and repeatedly held that the *Preston* requirements are jurisdictional. *See State v. Faith Whitley*, No. W2006-02595-CCA-R3-CD, 2008 WL 450617, at *3 (Tenn. Crim. App., at Jackson, Feb. 19, 2008) (citing multiple cases, including *State v. Long*, 159 S.W.3d 885, 887 (Tenn. Crim. App. 2004) and *State v. Boyd*, 51 S.W.3d 206, 210 (Tenn. Crim. App. 2000)), *no Tenn. R. App. P. 11 application filed*.

In the case under submission, the question reserved reads as follows:

Whether the Trial Court erred in denying Defendant's Motion to Suppress and/or Dismiss filed on February 5, 2010[,] and denied . . . on April 12, 2010, and Defendant's Motion in Limine filed on October 8, 2010[,] and denied . . . on October 12, 2010, thereby failing to dismiss the Indictment, suppress all evidence of bad driving, field sobriety testing, general demeanor and appearance blood alcohol test results; or exclude in limine at trial all evidence of blood alcohol test results of .19 (19%) blood alcohol content, without which the state of Tennessee could not prove intoxication; for violation of Defendant's 4th, 5th, and 5th Amendment rights under the United States Constitution; *State v. Ferguson*, 2 S.W.3d 912 (Tenn. 1999)[,] regarding lost evidence; *Brady v. Maryland*, 373 U.S. 83 (1963)[,]regarding discovery; and *Crawford v. Washington*, 124 S. Ct. 1354; and *Melendez-Dias v. Massachusetts*[,] 1295 S. Ct. 2527 [sic] [,] regarding the confrontation clause; and TRE 1002[,] regarding best evidence; as the audio video of the pursuit, stop, and field sobriety testing, arrest and request for blood alcohol testing recording the alleged reasonable suspicion and probable cause for request to submit to field sobriety testing, blood alcohol testing[,] and arrest has been negligently destroyed, but not grossly negligent, in a subsequent, unrelated vehicle accident destroying the cruiser wherein the audio video was stored, and as such[,] deprives Defendant of his right to the only objective evidence to challenge the reasonable suspicion and probable cause of the pursuit, stop, request for and administration of field sobriety testing, request for blood alcohol testing; arrest and criminal charge; right to a fundamentally fair trial under the Due Process Clause; right to discovery; right to confront the witnesses and evidence against Defendant; and the best evidence based on the authorities cited herein.

> This Honorable Court and the parties specifically incorporate the issues, arguments[,] and authorities previously filed in Defendant's Motion to Suppress and/or Dismiss . . . and Defendant's Motion in Limine . . . in the Final Judgment and Plea Agreement in support of the Certified Question of Law reserved for appellate review.

We conclude that this question is not dispositive to this case and is overly broad; therefore it violates the requirements provided in Tennessee Rule of Criminal Procedure 37(b)(2) and the mandates announced in *Preston*.

First, we conclude that the question of law regarding the destruction of the video recording is not dispositive to the Defendant's conviction for DUI *per se,* thus, it is not reviewable pursuant to Tenn. R. Crim. P. 37. Appellate courts frequently disagree with a trial court's finding of dispositiveness and, accordingly, decline to consider the reserved question. *State v. Dailey*, 235 S.W.3d 131, 136 (Tenn. 2007) (stating that "numerous attempts to appeal certified questions have been unsuccessful on the basis that the certified question was determined by the appellate courts not to have been dispositive."). It is enough for the record on appeal to demonstrate that evidence apart from the challenged item supports the State's charges. *Id*. If the record does indeed contain evidence in surplus of that which supports the State's charges, then the defendant's reserved question is not dispositive and, therefore, not eligible for review. *See id.*; *see also* Tenn. R. Crim. P. 37(b)(2).

As stated above, the State would have had Officer Webb of the Sevier County Sheriff's Office testify at trial that he observed the Defendant's vehicle traveling in excess of the speed limit, as well as weaving in and out of his lane of travel. At the stop, Officer Webb detected a strong odor of alcohol on the Defendant's person and about his vehicle. Based upon these observations, Officer Webb conducted field sobriety tasks, on which the Defendant's level of performance indicated impairment. Officer Webb also obtained consent from the Defendant to draw his blood, which yielded a blood alcohol content of .19.

In our view, in light of Officer Webb's testimony at trial, the destruction of the video recording of the traffic stop is not dispositive and, therefore, is not properly before this Court. As such, we cannot properly review this issue pursuant to Tennessee Rule of Criminal Procedure 37.

Second, the certified question is overly broad because it is not clearly stated as to identify the scope and limits of the legal issue reserved. The Defendant bears the burden of "reserving, articulating, and identifying the issue." *State v. Pendergrass*, 937 S.W.2d 834, 838 (Tenn. 1996). The question as posed does not narrowly construe the issues and does not sufficiently identify the scope and limits of the alleged due process violations. The question

does not articulate the reasons previously relied upon by the Defendant in support of his arguments nor does it describe the trial court's holdings on the constitutional issues presented by the Defendant; therefore, the Defendant fails to provide an adequate basis for this Court's review. As such, we lack jurisdiction to review the merits of the Defendant's claim because he failed to properly reserve his certified question of law. We take no satisfaction in the dismissal of this or the many other failed Rule 37(b)(2) appeals. We, however, cannot assume jurisdiction where it is denied due to failures in meeting the strict prerequisites. *See Armstrong*, 126 S.W.3d at 912; *Whitley*, 2008 WL 450617, at *3.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the Defendant failed to properly frame his certified question of law. As such, this Court has no jurisdiction to entertain the appeal, and the appeal is dismissed.

_____
ROBERT W. WEDEMEYER, JUDGE