IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 24, 2019 Session

**STATE OF TENNESSEE v. JEFFREY VAN GARRETT**

**Appeal from the Criminal Court for Monroe County**
**No. 16-091     Sandra Donaghy, Judge**

————————————————————

**No. E2018-02228-CCA-R3-CD**

————————————————————

Defendant, Jeffrey Van Garrett, was charged with one count of possession of oxycodone, a Schedule II substance, with intent to sell or deliver. Defendant filed a motion to suppress, which was denied by the trial court. Thereafter, Defendant entered into a negotiated plea agreement under Rule 11(c) of the Tennessee Rules of Criminal Procedure, in which he pled guilty to the charge with an agreed four-year sentence as a Range I offender to be served on probation. Defendant attempted to reserve three certified questions of law under Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure, challenging the trial court's denial of the motion to suppress. After review, we conclude that this Court does not have jurisdiction to address the certified questions because the certification did not meet the requirements of *State v. Preston*, 759 S.W.2d 647 (Tenn. 1988). The appeal is, therefore, dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT H. MONTGOMERY, JR., JJ., joined.

Charles C. Burks, Jr., Knoxville, Tennessee, for the appellant, Jeffrey Van Garrett.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Stephen Davis Crump, District Attorney General; and Emily Petro, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On appeal, Defendant attempts to present three certified questions of law challenging the search of his residence and his subsequent statement to police. The State does not challenge that the certified questions were properly reserved. However, we

must first determine whether the questions were properly reserved. *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure provides that a defendant may appeal from any judgment of conviction occurring as a result of a guilty plea if the following requirements are met:

> (A)    the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;
>
> (B)    the question of law as stated in the judgment or order reserving the certified question of law identifies clearly the scope and limits of the legal issue reserved;
>
> (C)    the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial judge; and
>
> (D)    the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

*See also State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003).

Additionally, in *Preston*, our supreme court explicitly provided prerequisites to appellate consideration of a certified question of law under Rule 37(b)(2)(A), stating:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases

seeking the limited appellate review pursuant to [Tennessee Rule of Criminal Procedure] 37 have been dismissed because the certified question was not dispositive. Also the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case.

*Preston*, 759 S.W.2d at 650. Although the parties in this case agreed that Defendant's certified questions of law were dispositive of the case, we are not bound by that determination. *State v. Thompson*, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003). We instead "must make an independent determination that the certified question is dispositive." *State v. Dailey*, 235 S.W.3d 131, 135 (Tenn. 2007) (citation omitted). "An issue is dispositive when this court must either affirm the judgment or reverse and dismiss." *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984).

Failure to properly reserve a certified question of law pursuant to *Preston* will result in the dismissal of the appeal. *State v. Pendergrass*, 937 S.W.2d 834, 838 (Tenn. 1996). The burden is on the defendant to see that the prerequisites are in the final order and that the record brought to the appellate court contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. *Preston*, 759 S.W.2d at 650.

In *Armstrong*, our supreme court reiterated that strict compliance with *Preston* is required:

[O]ur prior decisions demonstrate that we have never applied a substantial compliance standard to the *Preston* requirements as urged by the defendant in this case. To the contrary, we have described the requirements in *Preston* for appealing a certified question of law under Rule 37 of the Tennessee Rules of Criminal Procedure as "explicit and unambiguous." Moreover, we agree with the State that a substantial compliance standard would be very difficult to apply in a consistent and uniform manner, and therefore would conflict with the very purpose of *Preston*. We therefore reject the defendant's argument that substantial compliance with the requirements set forth in *Preston* is all that is necessary in order to appeal a certified question of law.

*Armstrong*, 121 S.W.3d at 912 (citations omitted).

In this case, the certified questions are as follows:

a. Did the Affidavit fail to establish probable cause that on the date of the issuance the information was not stale?

b. Judge Freiberg authorized a search warrant for the agents to search for and seize "oxymorphone." The agents executed the search warrant on the home of the Defendant on March 3, 2015. The agents seized from the person of the Defendant with forty-five (45) oxycodone tablets in them [sic]. Defendant had a legal prescription for oxycodone. Because the warrant directed the search and seizure of oxymorphone, did the seizure of oxycodone amount to improper execution of the warrant?

c. Finally, if the search and seizure should have been suppressed, the statement made by the Defendant after the seizure of the forty-five (45) tablets should have been suppressed as a result of the Poisonous Tree Doctrine. Was the dismissal of the Motion to Suppress the Search and Seizure and Suppress the Statement by the Trial Court error?

First, we point out that the second certified question appears to be missing some language: "The agents seized from the person of the Defendant with forty-five (45) oxycodone tablets in them." This portion of the question does not state what the forty-five oxycodone tablets were found in. In any event, these three certified questions fail to clearly identify the "scope and limits of the legal issue." *State v. Long*, 159 S.W.3d 885, 887 (Tenn. Crim. App. 2004). Additionally, our supreme court has stated that in "questions of law involv[ing] the validity of searches and the admissibility of [evidence], the reasons relied upon by the defendant in the trial court at the suppression hearing must be identified in the statement of the certified questions of law." *Preston*, 759 S.W.2d at 650. These questions do not clearly state the reasons relied upon by Defendant at the suppression hearing nor do they state the actual reasons the trial court denied the motion to suppress. Therefore, the questions were not properly reserved. *See State v. Casey Treat*, No. E2010-02330-CCA-R3-CD, 2011 WL 5620804, at *5 (Tenn. Crim. App., Nov. 18, 2011) (a certified question of law that did not "articulate the reasons previously relied upon by the Defendant in support of his argument [and did] not describe the trial court's holdings on the constitutional issues presented" was overly broad); *State v. Bradley Hawks*, No. W2008-02657-CCA-R3-CD, 2010 WL 597066, at *5 (Tenn. Crim. App., Feb. 19, 2010) (the certified question was overly broad because it failed to specify what police action rendered the search and arrest unconstitutional and did not adequately set forth the legal basis for the claim).

Defendant bears the burden of "reserving articulating, and identifying the issue[.]" *Pendergrass*, 937 S.W.2d at 838. "[T]he [certified] question of law **must be stated** so as to clearly identify the scope and the limits of the legal issue reserved." *Preston*, 759 S.W.2d at 650 (emphasis added). From the wording of the purported certified questions, this court would have to comb the record and find a reason

to give Defendant relief. We cannot do this. In order to best determine if a purported certified question of law meets the requirements of *Preston*, 759 S.W.2d at 650, *Pendergrass*, 937 S.W.2d at 838, and *Armstrong*, 126 S.W.3d at 912, this court should be able to read the purported certified question of law and be able to precisely know: the scope and limits of the legal issue reserved, the reasons relied upon by Defendant in the trial court at the suppression hearing, and the trial court's reasoning for denying the motion to suppress. This court should be able to discern this information without looking at any other portions of the appellate record, including but not limited to transcripts of any hearing, the exhibits, the pleadings (other than the order containing the purported certified question), or the parties' briefs.

We are without jurisdiction to review the merits of Defendant's claim because he has failed to properly reserve his certified questions of law. *Pendergrass*, 937 S.W.2d at 838. Accordingly, the appeal is dismissed.

## CONCLUSION

Because of Defendant's failure to properly frame his certified questions of law, this Court is unable to reach the merits of Defendant's claim. This Court has no jurisdiction to entertain this appeal. *See* Tenn. R. Crim. P. 37(b)(2)(A)(ii). Accordingly, this appeal is dismissed.

_____
THOMAS T. WOODALL, JUDGE