IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2020

## STATE OF TENNESSEE v. CHRISTOPHER RAY RICKMAN

**Appeal from the Circuit Court for McNairy County**
**No. 4003-B   J. Weber McCraw, Judge**

**No. W2019-00778-CCA-R3-CD**

FILED
APR 1 6 2020
Clerk of the Appellate Courts
Rec'd By

The Defendant, Christopher Ray Rickman, pleaded guilty to the offense of possession with intent to deliver .5 grams or more of methamphetamine, a Schedule II controlled substance. As a condition of his plea, the Defendant expressly preserved a certified question of law pursuant to Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure, stemming from his denied motion to suppress. After thorough review, we conclude that the certified question does not meet the requirements of Rule 37(b)(2)(A) and State v. Preston, 759 S.W.2d 647 (Tenn. 1988), and, as a result, this court is without jurisdiction to consider the appeal. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Chadwick G. Hunt, Savannah, Tennessee, for the appellant, Christopher Ray Rickman.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Mark E. Davidson, District Attorney General; and Lisa Miller, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On June 16, 2018, McNairy County Sheriff's Office Deputies Tommy Howell and Kevin Carter made a traffic stop of the Defendant and his passenger for a "window tint violation." Deputy Howell used the "window tint meter" to explain to the Defendant why

they had stopped him. After checking his vehicle registration and driver's license, the deputies learned that the Defendant had a previous "narcotics charge." Deputy Howell testified that the Defendant "started calming down" when the conversation was not focused on his truck, but his nervousness returned when talking about his truck. Taking the narcotics charge, the Defendant's "nervous speech," and his "pulsating" carotid artery into account, the deputies returned the Defendant's license and registration and "asked for consent to search" his truck approximately six minutes after initiating the traffic stop. The Defendant immediately denied consent, and the deputies deployed their narcotics dog, who was already on the scene, approximately one minute later. The dog immediately alerted to the presence of narcotics. After the dog alerted to the presence of narcotics, the deputies searched the car and found "a white crystal substance," which was later determined to be methamphetamine, inside of the center console. The methamphetamine was later determined to weigh approximately seven grams.

On February 11, 2019, the trial court denied the Defendant's motion to suppress any evidence derived from the traffic stop following a hearing on the motion. The Defendant pleaded guilty to the offense of possession with intent to deliver .5 grams or more of methamphetamine, a Schedule II controlled substance, on April 17, 2019. This timely appeal followed.

## ANALYSIS

Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure provides that an appeal lies from any judgment of conviction upon a plea of guilty or nolo contendere if:

(A) [T]he defendant entered into a plea agreement under Rule 11(c) but explicitly reserved—with the consent of the state and of the court—the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

(i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

- 2 -

(iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A). In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our supreme court emphasized that the burden is on the defendant to ensure that the conditions for properly preserving a question of law pursuant to Rule 37 have been met:

> This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. [...] No issue beyond the scope of the certified question will be considered.

Id. at 650. The burden is on the defendant to ensure compliance with the requirements of Rule 37(b) and failure to properly reserve a certified question of law will result in the dismissal of the appeal. State v. Pendergrass, 937 S.W.2d 834, 838 (Tenn. 1996).

In State v. Armstrong, our supreme court reiterated that strict compliance with Preston is required:

> [O]ur prior decisions demonstrate that we have never applied a substantial compliance standard to the Preston requirements as urged by the defendant in this case. To the contrary, we have described the requirements in Preston for appealing a certified question of law under Rule 37 of the Tennessee Rules of Criminal Procedure as "explicit and unambiguous." Moreover, we agree with the State that a substantial compliance standard would be very difficult to apply in a consistent and uniform manner, and therefore would conflict with the very purpose of Preston. We therefore reject the defendant's

- 3 -

argument that substantial compliance with the requirements set forth in Preston is all that is necessary in order to appeal a certified question of law.

State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003) (citations omitted).

Although the parties agreed that the Defendant's certified question of law was dispositive of the case, we are not bound by that determination. See State v. Thompson, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003), and instead "must make an independent determination that the certified question is dispositive." State v. Dailey, 235 S.W.3d 131, 135 (Tenn. 2007) (citation omitted). "An issue is dispositive when this court must either affirm the judgment or reverse and dismiss." State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984).

The Defendant's judgment reflects that his guilty plea was entered with "Certified Question Findings Incorporated by Reference." The Defendant supplemented the technical record with his judgment form, which included the following relevant information in the "Special Conditions" box:

> Guilty plea pursuant to TN R. Crim. Pro. 37(b)(2)(A) certified question of law: whether the trial court erred in denying Defendant's Motion to Suppress by finding that the detention of Defendant after he was given a verbal warning for a window tint violation was constitutionally lawful considering the cite and release statute and window tint statute and therefore finding the search and seizure of evidence from Defendant's vehicle legal and admissible. The certified question is expressly reserved with the consent of the State and the trial court. The Defendant, the State[,] and the trial court are of the opinion that the certified question is dispositive of the case.

This question fails to clearly identify the "scope and limits of the legal issue." State v. Long, 159 S.W.3d 885, 887 (Tenn. Crim. App. 2004). Further, as we have laid out, our supreme court has stated that in "questions of law involv[ing] the validity of searches and the admissibility of [evidence], the reasons relied upon by the defendant in the trial court at the suppression hearing must be identified in the statement of the certified questions of law." Preston, 759 S.W.2d at 650. The above question does not clearly state the reasoning that the Defendant employed during the suppression hearing, nor does the question state the reasoning the trial court employed in denying the Defendant's motion to suppress, and weas therefore not properly preserved. See, e.g., State v. Casey Treat, No. E2010-02330-CCA-R3-CD, 2011 WL 5620804, at *5 (Tenn. Crim. App., Nov. 18, 2011) (a certified question of law that did not "articulate the reasons previously relied upon by the Defendant in support of his argument [and did] not describe the trial court's holdings on the constitutional issues presented" was overly broad). As noted by the State, the Defendant

- 4 -

"does not mention reasonable suspicion, prolonged detention, or even the Fourth amendment, all of which are relied upon in the briefing of this case." The scope and limits of the legal issue reserved, the reasons relied upon by Defendant in the trial court at the suppression hearing, and the trial court's reasoning for denying the motion to suppress should be discernable from the certified questions of law without looking at any other portions of the appellate record. See State v. Jeffrey Van Garrett, No. E2018-02228-CCA-R3-CD, 2020 WL 1181805, at *3 (Tenn. Crim. App. Mar. 11, 2020).

Based on the above analysis, this court is without jurisdiction to review the merits of the Defendant's appeal because he has failed to properly preserve a certified question of law, and the appeal is therefore dismissed. See Pendergrass, 937 S.W.2d at 838.

## CONCLUSION

Based on the foregoing authorities and reasoning, we dismiss the appeal for lack of jurisdiction.

ALAN E. GLENN, JUDGE

- 5 -