FILED

05/05/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs December 17, 2019

**STATE OF TENNESSEE v. JUAN DEWAYNE HALL**

**Appeal from the Criminal Court for Knox County**
**No. 112607   Steven Wayne Sword, Judge**

_____

**No. E2019-00024-CCA-R3-CD**

_____

On December 3, 2018, the Defendant, Juan Dewayne Hall, entered an <u>Alford</u> plea to the offense of possession with intent to deliver over 26 grams of cocaine, a Schedule II controlled substance.  As a condition of his plea, the Defendant expressly preserved two certified questions of law pursuant to Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure, stemming from his denied motion to suppress.  After thorough review, we conclude that the certified questions do not meet the requirements of Rule 37(b)(2)(A) and <u>State v. Preston</u>, 759 S.W.2d 647 (Tenn. 1988), and, as a result, this court is without jurisdiction to consider the appeal.  Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Cameron D. Bell, Knoxville, Tennessee, for the appellant, Juan Dewayne Hall.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Ken Irvine, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On July 11, 2017, Knoxville Police Department Officer J.D. Hopkins was dispatched to Magnolia Avenue at approximately 2:22 a.m. following an anonymous 911 call that reported that someone was selling drugs in a parking lot there.  Officer Hopkins

was the only officer on the scene and arrived without lights or sirens and did not block the vehicle that was in the parking lot. He noticed four people, one woman and three men, in the parking lot when he arrived, including the Defendant. He witnessed what appeared to be some sort of "exchange" between the Defendant and a woman in the parking lot. He also noticed a "No Trespassing" sign in the parking lot, which he testified had been placed there by the owner at the request of police following previous criminal activity in the parking lot.

Officer Hopkins testified that he initially addressed only the woman upon arriving at the scene and did not draw a weapon or make threatening gestures towards the group. He asked the group for their names and social security numbers and asked them to "hang tight for a minute, okay?" while he went back to his cruiser to run the names and social security numbers through his computer. Officer Hopkins' attention switched to the Defendant because he was "visibly intoxicated" and "walk[ed] over to" Officer Hopkins while holding a bottle full of "a blue liquid." When asked if he had anything on his person, the Defendant "start[ed] to reach into his pocket," which contained a "suspicious bulge[.]" Because Officer Hopkins was in "close proximity" to the Defendant and "d[id]n't know if [the Defendant had] a weapon" in his pocket, he told the Defendant to stop reaching into his pockets. He tried to reach into his pocket a second time, and Officer Hopkins again told him not to. He tried to reach into his pocket a third time, and Officer Hopkins then took him into custody for public intoxication. Officer Hopkins testified that he "smelled a strong odor of alcohol" coming from the Defendant, who was "wobbling," "mumbling," and "slurring his words[.]"

The trial court dismissed the Defendant's motion to suppress via written order on November 26, 2018. He pleaded guilty on December 3, 2018, and this timely appeal followed.

## ANALYSIS

Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure provides that an appeal lies from any judgment of conviction upon a plea of guilty or nolo contendere if:

(A) [T]he defendant entered into a plea agreement under Rule 11(c) but explicitly reserved—with the consent of the state and of the court—the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

(i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A). In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our supreme court emphasized that the burden is on the defendant to ensure that the conditions for properly preserving a question of law pursuant to Rule 37 have been met:

This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. [...] No issue beyond the scope of the certified question will be considered.

Id. at 650. The burden is on the defendant to ensure compliance with the requirements of Rule 37(b) and failure to properly reserve a certified question of law will result in the dismissal of the appeal. State v. Pendergrass, 937 S.W.2d 834, 838 (Tenn. 1996).

In State v. Armstrong, our supreme court reiterated that strict compliance with Preston is required:

- 3 -

[O]ur prior decisions demonstrate that we have never applied a substantial compliance standard to the <u>Preston</u> requirements as urged by the defendant in this case. To the contrary, we have described the requirements in <u>Preston</u> for appealing a certified question of law under Rule 37 of the Tennessee Rules of Criminal Procedure as "explicit and unambiguous." Moreover, we agree with the State that a substantial compliance standard would be very difficult to apply in a consistent and uniform manner, and therefore would conflict with the very purpose of <u>Preston</u>. We therefore reject the defendant's argument that substantial compliance with the requirements set forth in <u>Preston</u> is all that is necessary in order to appeal a certified question of law.

<u>State v. Armstrong</u>, 126 S.W.3d 908, 912 (Tenn. 2003) (citations omitted).

Although the parties agreed that the Defendant's certified questions of law regarding being told by an officer to "hang tight" constituted a seizure and whether the officer had probable cause to believe that the Defendant was publicly intoxicated were dispositive of the case, we are not bound by that determination, see <u>State v. Thompson</u>, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003), and instead "must make an independent determination that the certified question is dispositive," <u>State v. Dailey</u>, 235 S.W.3d 131, 135 (Tenn. 2007) (citation omitted). "An issue is dispositive when this court must either affirm the judgment or reverse and dismiss." <u>State v. Wilkes</u>, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984).

The Defendant's judgment reflects that his guilty plea was entered with "Certified Question Findings Incorporated by Reference." The Defendant supplemented the technical record with the following order, which was filed prior to his notice of appeal and signed by the prosecution, defense counsel, and the trial court:

This matter having come before the Court on this the 3rd day of December, 2018, upon Defendant's request and consent of the State to enter a plea of guilty in his best interest reserving the right to appeal a certified question of law that is dispositive of the case pursuant to Tenn. R. Crim. P. 37(b)(2). Accordingly,

IT IS SO ORDERED, ADJUDGED AND DECREED that the judgment in this matter shall reflect that, by the consent of the State of Tennessee and with the consent of this Court, Defendant has entered a plea of guilty, in his best interest, to the offense of possession with intent to sell

- 4 -

over 26 grams of cocaine which explicitly reserves the right to appeal the following certified questions of law that are dispositive of the case:

1. Whether the statement of Officer Hopkins to "hang tight a minute" considered in conjunction with the other applicable Daniel [sic] factors constituted a seizure of Defendant, and if so, whether Officer Hopkins had sufficient probable cause to justify this seizure.

2. Whether Officer Hopkins had sufficient probable cause to believe that Defendant committed the offense of public intoxication in order to seize and/or arrest the Defendant when he placed Defendant in handcuffs.

These two questions fail to clearly identify the "scope and limits of the legal issue." State v. Long, 159 S.W.3d 885, 887 (Tenn. Crim. App. 2004). Further, as we have laid out, our supreme court has stated that in "questions of law involv[ing] the validity of searches and the admissibility of [evidence], the reasons relied upon by the defendant in the trial court at the suppression hearing must be identified in the statement of the certified questions of law." Preston, 759 S.W.2d at 650. The above questions do not clearly state the reasoning that the Defendant employed during the suppression hearing, nor do the questions state the reasoning the trial court employed in denying the Defendant's motion to suppress and were therefore not properly preserved. See, e.g., State v. Casey Treat, No. E2010-02330-CCA-R3-CD, 2011 WL 5620804, at *5 (Tenn. Crim. App., Nov. 18, 2011) (a certified question of law that did not "articulate the reasons previously relied upon by the Defendant in support of his argument [and did] not describe the trial court's holdings on the constitutional issues presented" was overly broad). The scope and limits of the legal issue reserved, the reasons relied upon by Defendant in the trial court at the suppression hearing, and the trial court's reasoning for denying the motion to suppress should be discernable from the certified questions of law without looking at any other portions of the appellate record. See State v. Jeffrey Van Garrett, No. E2018-02228-CCA-R3-CD, 2020 WL 1181805, at *3 (Tenn. Crim. App. Mar. 11, 2020).

Based on the above analysis, this court is without jurisdiction to review the merits of the Defendant's appeal because he has failed to properly preserve these two certified questions of law, and the appeal is therefore dismissed. See Pendergrass, 937 S.W.2d at 838.

## CONCLUSION

Based on the foregoing authorities and reasoning, we dismiss the appeal for lack of jurisdiction.

- 5 -

_____
 ALAN E. GLENN, JUDGE